## Goodwin's Estate.

*John F. Whalen* and *R. P. Swank,* for proponent.
*J. O. Adamson,* for contestant.

WILHELM, P. J., Nov. 5, 1928.—This is an appeal of John Goodwin from the decision of the register of wills admitting to probate a certain instrument or writing, dated September, 1922, alleged to be the last will and testament of Elizabeth Goodwin, deceased.

Testimony was taken in support .of the execution of the will, and, according to a decree entered March 7, 1927, the appeal was sustained, because it was found that the execution of the will was only proved by one competent witness, to wit, William Davidson, a grandson of the testatrix, and that the testimony of Jane Davidson, a subscribing witness to the will, was incompetent to establish its execution because of the mental condition of Jane Davidson at the time she appeared in court at the hearing on the appeal.

At the hearing, there was no claim that Jane Davidson was mentally incompetent to sign the will as a witness at the time of the execution of the will, and her mental incompetency developed, in so far as this record shows, between the time of the execution of the will and the hearing on the appeal, owing probably to her advanced age, she being about seventy years old.

The proponents of the will excepted to the decree of the court dated March 7, 1927, and on March 14, 1927, presented a petition to the court, asking permission to present further testimony in support of the execution of the will, and a rule was granted upon the appellant March 14, 1927, "to show cause why the decree sustaining the appeal should not be opened and proponent permitted to present further testimony."

An answer was filed to said rule April 4, 1927, and on July 25, 1927, an order was made as follows: "The prayer of the petition is granted and the order dated March 7, 1927, is set aside for the purpose of taking further testimony."

Accordingly, the proponents did present further testimony in support of the execution of the will. Charles P. Post testified that he is the teller of the Union National Bank at Mahanoy City; that he has been acquainted with Jane Davidson for ten or twelve years, who was a depositor in the Union National Bank; that he is acquainted with the signature of Jane Davidson, having seen her write her name on the depositor's card required by the bank and also on two checks, which the witness had brought from the files of the bank, and his opinion was that the signature "Mrs. Jane Davidson" appearing upon the will was written by Jane Davidson, with whom he was acquainted, and whose signature appears upon the card and checks presented.

T. C. Knowles, a handwriting expert, who has been for years recognized as an authority on handwriting in the courts of this county, testified that he made a comparison of the established signatures of Jane Davidson upon the bank depositor's card and the two checks which Teller Post identified as the signature of Jane Davidson, as well as the signature upon the will, and from

78

this examination he is of the opinion that all of the said signatures were written by the same person.

The testimony of Teller Post and T. C. Knowles, the handwriting expert, competently proves that Jane Davidson signed the will as a witness.

The testimony of Frank Ball, who was register at the time the will was probated, and the testimony of William Davidson, the other witness to the will, are strongly corroborative of the fact that Jane Davidson signed the will as a witness, and the testimony of Dr. R. L. McDonald establishes the fact that the testatrix desired to dispose of her property in the manner in which the will was written. Therefore, the execution of the will by Elizabeth Goodwin has been proved by William Davidson, who was present at the time of its execution and by the proof of the signature of Jane Davidson, a subscribing witness to the will, and no testimony has been offered to show that the testatrix was mentally incompetent at the time of the making of the will, or that undue influence was used to procure its execution, and the appeal should be dismissed. The appeal is dismissed.

From M. M. Burke, Shenandoah, Pa.